# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JANET WEHMEYER,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, Director of the Indiana Department of Child Services ("DCS"), and DEREK BOLKA (individually and in his official capacity as Family Case Manager for DCS),<br><br>Defendants. | CAUSE NO.: 2:18-CV-15-TLS |

## OPINION AND ORDER

This matter is before the Court on the Defendants, Indiana Department of Child Services (IDCS), Derek Bolka, and Terry Stigdon, Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [ECF No. 95] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

The Plaintiff, Janet Wehmeyer, individually and as next friend of her children, E.W. and C.W. brings this action asserting various claims against the Defendants. The Plaintiff first filed a pro se Complaint against the Defendants on January 11, 2018 [ECF No. 1]. The Plaintiff subsequently obtained legal counsel [ECF No. 48] and the Plaintiff's First Amended Complaint [ECF No. 59], filed on May 16, 2018, is now the operative complaint in this case.[1] The Plaintiff's First Amended Complaint centers around involvement of the Defendants in an

---

[1] The Plaintiff's legal counsel subsequently withdrew in June 2018 [ECF Nos. 70–71] and the Plaintiff again proceeds pro se.

1

investigation of alleged child abuse between August 2015 and January 2016, the removal of her children and their placement into foster care, and the alleged abuse her children endured during their time in foster care.

The Plaintiff brings five counts against the Defendants: Count I is a First Amendment Retaliation claim pursuant to 42 U.S.C. § 1983; Count II is a Fourth Amendment claim alleging that the Defendants violated the Plaintiff's right to be free from unreasonable search and seizure pursuant to 42 U.S.C. § 1983; Count III is a Fourteenth Amendment due process claim alleging violation of the Plaintiff's liberty interest in familial relations pursuant to 42 U.S.C. § 1983; Count IV is a Fourteenth Amendment due process claim pursuant to 42 U.S.C. § 1983; and Count V is a state-law assault and battery claim.[2]

Defendants IDCS, Bolka, and Stigdon filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [ECF No. 95] on April 16, 2019. The Defendants argue that subject-matter jurisdiction is barred by the *Rooker-Feldman* doctrine. Further, the Defendants argue in the alternative that the Plaintiff failed to state a claim as Defendant IDCS is entitled to immunity pursuant to the Eleventh Amendment, and the Plaintiff's official and individual capacity claims against Defendants Stigdon and Bolka are deficient. Defs.' Mem. in Supp. at 2, ECF No. 96. The Plaintiff filed several responses in opposition [ECF Nos. 98–101], which did not address the Defendants' jurisdictional arguments. The Defendants filed a reply [ECF No. 102] and the matter is now ripe for review.

---

[2] The Court notes that the Plaintiff includes two Count IV section in her First Amended Complaint – a procedural due process claim and an assault and battery claim. Accordingly, the Court interprets this as a scrivener's error and treats the Plaintiff's assault and battery claim as Count V.

**LEGAL STANDARD**

The Defendant alleges that the Plaintiff's First Amended Complaint is deficient for a lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and, in the alternative, fails to state a claim pursuant to Rule 12(b)(6).

Under 12(b)(1), the Defendant argues that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over the Plaintiff's Complaint because the requested relief would require the Court to disrupt a final judgment of the state court. Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

Rule 12(b)(6), on the other hand, "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiffs, and accepts as true all reasonable inferences that may be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 67 F.3d 605, 608 (7th Cir. 1995). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

It is The First Amended Complaint, which was filed when the Plaintiff was represented by counsel, that is the subject of the Defendants' Motion to Dismiss.[3] Regardless of the Plaintiff's representation status, the Plaintiff remains responsible for proving that jurisdictional requirements have been met. *Ctr. For Dermatology & Skin Cancer, Ltd. V. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). The Court is obligated to monitor its own jurisdiction and dismiss the case if the Court lacks jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Baker v. Kingsley*, 387 F.3d 649, 656 (7th Cir. 2004).

### A. Plaintiff's Federal Claims

The Plaintiff brings various federal claims against the Defendants, which the Defendants maintain the *Rooker-Feldman* doctrine bars pursuant to Rule 12(b)(1). Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and applies "even

---

[3] The Court acknowledges that the Plaintiff has alternately proceeded pro se and with representation throughout the course of this litigation. The Plaintiff's original Complaint [ECF No. 1] was filed pro se, while the First Amended Complaint [ECF No. 59] was filed while she had counsel. The Court must liberally construe *pro se* complaints. *Id.* (citation omitted); *see also Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir.1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally"). The pleadings of plaintiffs proceeding *pro se* are held to a less stringent standard than those of a represented party. *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (per curiam). As noted above, however, the Plaintiff's First Amended Complaint was filed while she had legal representation.

though the state court judgment might be erroneous or even unconstitutional." *Gilbert*, 591 F.3d at 900 (citations and quotation marks omitted). The doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker–Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." *Id.* (quoting *Taylor*, 374 F.3d at 533). Although the Seventh Circuit has described the inextricably intertwined inquiry as "a somewhat metaphysical concept," a district court must determine whether it "is in essence being called upon to review the state-court decision." *Taylor*, 374 F.3d at 533 (quotation marks omitted). "In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*. *See Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014).

The Defendants argue that the second instance of the *Rooker-Feldman* doctrine applies, as the Plaintiff's claims are "inextricably intertwined" with state court judgments. The Defendants argue that there are three state court judgments that apply to the Plaintiff's claims: (1) a Child in Need of Services (CHINS) proceeding in Lake County during which the Plaintiff's children were adjudicated as children of need in services; (2) a dispositional hearing during

5

which the state court ordered the Plaintiff's children to remain in her custody; and (3) the review hearing that resulted in the removal of the Plaintiff's children to a foster home. Pl.'s First Am. Compl. ¶¶ 28, 34, 38. The Defendants argue that the Plaintiff's allegations all result from the original CHINS proceeding and the Plaintiff's action would not have ensued if not for this state court judgment. Def.'s Mem. in Supp. at 5–6. As such, the Defendants argue that *Rooker-Feldman* bars the Plaintiff's claims.

The Plaintiff's responses did not address these alleged jurisdictional deficiencies. Rather, the responses reiterate the facts asserted in the Plaintiff's First Amended Complaint. "Failure to respond to an argument raised in a motion to dismiss results in waiver." *Pelham v. Albright,* No. 3:11 CV 99, 2012 WL 1600455, at *5 (N.D. Ind. May 4, 2012) (citing *Bonte v. United States Bank, N.A.,* 624 F.3d 461, 466 (7th Cir.2010)). "Additionally, if the defendant presents plausible reasons why a complaint should be dismissed, the Court has no responsibility to conduct research on behalf of a plaintiff in order to discover whether the plaintiff could prevail against the defendant's plea for dismissal." *Gluck v. WNIN Tri–State Public Media, Inc.,* No. 2–12–cv–32–JMS–DKL, 2012 WL 2953074, at *2 (S.D. Ind. July 18, 2012) (citing *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir.1999)). The Court will not create or infer arguments on behalf of the Plaintiff beyond what is required at the motion to dismiss stage. "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey*, 168 F.3d at 1041.

1.  *Plaintiff's First Amendment Claim (Count I)*

The Plaintiff's First Amendment claim alleges that the Defendants retaliated against her due to reports that the Plaintiff made regarding the Defendants' alleged misconduct during the child abuse investigations. Pl.'s First Am. Compl. ¶¶ 45–47. The Plaintiff alleges that the Defendants' retaliation took the form of a false substantiation of abuse, retaliatory investigations, detention of the children, and findings of neglect that the evidence did not support. *Id.* ¶ 48. The Defendants argue that the Plaintiff's First Amendment claim fails because her claim is inextricably intertwined with the previous state-court judgments. Defs.' Mem. in Supp. at 14.

The Plaintiff's alleged First Amendment injury is not distinct from the state court judgments she challenges, as these injuries all result from the state court judgments. In such cases, "the *Rooker-Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir. 2001) (citation omitted). Accordingly, the Court DISMISSES WITHOUT PREJUDICE Count I of the Plaintiff's First Amended Complaint.

2.  *Plaintiff's Due Process Claims (Counts III and IV)*

The Plaintiff alleges that the Defendants violated her due process rights and liberty interest in familial relations. As with the Plaintiff's First Amendment claims, the alleged injuries – such as the removal of the children from the Plaintiff's care and use of false information in state court proceedings – all result from the state court judgments. Although the Plaintiff raises civil rights claims, a plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [a] complaint in the form of a federal civil rights action." *Maples Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). "The reason a litigant gives for contesting the state-court's decision cannot endow a federal district court with authority. . ." *Iqbal v. Patel*, 780 F.3d

728, 730–731 (7th Cir. 2015). For her due process claims, the Plaintiff essentially asks the Court to find that the process by which the custody determination was made violated her statutory and constitutional rights. Those "constitutional claims that are 'inextricably intertwined' with the state court judgments of necessity call upon the district court to review the state court decision and are thus beyond the district court's jurisdiction." *Edwards v. Ill. Bd. Of Admissions to Bar*, 261 F.3d 723, 729 (7th Cir. 2001) (first quoting *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996); and then quoting *Dist. of Col. Ct. of App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). Accordingly, the Court DISMISSES WITHOUT PREJUDICE Counts III and IV of the Plaintiff's First Amended Complaint.

### 3. *Plaintiff's Unreasonable Search and Seizure Claims (Count II)*

The Plaintiff alleges that the Defendants violated her right to be free from unreasonable search and seizure when they searched the Plaintiff's home and school without a court order, warrant, or parental notification to consent. Pl.'s First Am. Compl. ¶¶ 50–53. In response, the Defendants argue that these actions all occurred after the Plaintiff's children had been adjudicated as children in need of services at a court hearing. Defs.' Mem. in Supp. at 14. The Plaintiff essentially asks that the Court evaluate the state court proceedings that led to the alleged unreasonable search and seizure. The Court cannot do so.

"Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." *See Nationscredit Home Equity Servs. Corp. v. City of Chi.*, 135 F. Supp. 2d 905, 911 (N.D. Ill. 2001) (collecting cases) (citing *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir.1998)); *see also Iqbal*, 780 F.3d at 729 ("The *Rooker-Feldman* doctrine is concerned not with *why* a state court's judgment might be mistaken . . . but with *which federal court* is

8

authorized to intervene.") (emphasis in original); *Ritter v. Ross*, 922 F.2d 750, 755 (7th Cir. 1993) (holding that, when the state court judgment is an essential part of the federal claim, *Rooker-Feldman* applies, even if the federal plaintiff complains of notice issues). Because the Plaintiffs' injury is the state court judgment itself, the issues of the notice regarding that judgment do not give this Court jurisdiction.

Therefore, the Court finds the Defendants' arguments that the *Rooker-Feldman* doctrine bars the Plaintiff's federal claims persuasive. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Counts I–IV of the Plaintiff's First Amended Complaint.

## B. Plaintiff's State-Law Claim (Count V)

The Plaintiff also brings state law assault and battery claims for the alleged abuse her children endured while in foster care. The Defendants argue that the Court is not obligated to retain jurisdiction over the Plaintiff's state law claims should the Court dismiss all the Plaintiff's federal claims. *Id*. The Defendants are correct. The federal statute that allows supplemental jurisdiction of state law claims also provides that the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that established law of this circuit is that the "usual practice" is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed before trial). "[T]he principle of comity encourages federal courts to relinquish supplemental

9

jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (citing *Groce*, 193 F.3d at 501).

Considering judicial economy, convenience, fairness, and comity, *see Wright*, 29 F.3d at 1251, this Court does not find a basis to retain jurisdiction of the case. *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 615 (7th Cir. 2007) (noting that "the court must choose the course that best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine…") (internal citations and quotations omitted). Indiana state courts are better positioned to adjudicate a state-law claim involving only Indiana citizens. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Count V of the Plaintiff's First Amended Complaint.

## CONCLUSION

Therefore, the Court GRANTS Defendants' Indiana Department of Child Services, Derek Bolka, and Terry Stingdon, Motion to Dismiss [ECF No. 95]. The Court DISMISSES WITHOUT PREJUDICE Counts I–V of the Plaintiff's First Amended Complaint.

The Plaintiff will be permitted to file a Motion to Amend her Complaint, wherein the Plaintiff must address the defects in her Complaint that the Court noted within its Opinion and Order. The Court GRANTS the Plaintiff until **August 30, 2019** to present a Motion for Leave to Amend with the proposed Second Amended Complaint for review regarding her claims. If the Plaintiff does not file a Motion for Leave to Amend by August 30, 2019, the Court will direct the Clerk to close this case.

SO ORDERED on July 31, 2019.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT